UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOYCE STARKS

        Plaintiff,

v.                                                          Civil Action No. 3:11CV548

NORTH AMERICAN ASSET SERVICES, LLC,
d/b/a FRONTIER FINANCIAL GROUP,
Serve: CORPORATION SERVICE COMPANY
       REGISTERED AGENT
       BANK OF AMERICA CENTER, 16th FLOOR
       1111 EAST MAIN STREET
       RICHMOND, VIRGINIA 23219

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, Venue in this District is proper in that the defendant transacted business in this state or transacted business here, and the plaintiff chooses to bring this action here, or the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Joyce Starks, is a natural person residing in Centreville, Virginia.

4. Defendant, North American Asset Services, LLC, d/b/a Frontier Financial Group is a limited liability corporation engaged in the business of collecting debts in this state with its principal place of business located in Henderson, Nevada. One of the principal purposes of North American Asset Services, LLC, d/b/a Frontier Financial Group is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

6. In the spring of 2007 Plaintiff, while living in North Carolina, signed a personal credit account for approximately $80,000, for furniture that she purchased from Thomasville Furniture Store and financed there.

7. Some of the furniture that was custom ordered was never delivered since she canceled some of those orders with Thomasville due to errors in the purchase.

8. At the time of cancellation it is believed that Thomasville had been paid by the company that lent the money for the furniture to the Plaintiff. Even though the cancelled furniture was never delivered Thomasville never refunded the money to HSBC or the Plaintiff for the undelivered furniture.

9. Plaintiff advised HSBC that she was not responsible for the money HSBC

paid Thomasville for the undelivered furniture.

10. HSBC refused to cancel Plaintiff's indebtedness for the cancelled furniture and refused to demand a refund from Thomasville, and Plaintiff then stopped patyin as her contract with HSBC required in the early summer of 2007.

11. HSBC sold the Plaintiff's account/debt to Defendant for the remaining $16,224.82 account balance in 2009.

12. On 09/03/2010, Plaintiff received a letter from RoVo & Associates stating they represent the Defendant who had been assigned to collect on this alleged debt of $16,224.82. A copy of letter is attached as **EXHIBIT A.**

13. A collector for Defendant, a "Mr. Linder", contacted Mr. Larry Starks, Plaintiff's husband, on his cell phone, on August 26, 27, and 28, 2010 demanding payment on the alleged debt of $16,224.82 before August 31, 2010. During several of these calls "Mr. Linder" threatened to file a lawsuit on the alleged debt, and have the lawsuit served at Plaintiff's mother's address in North Carolina, even though the Plaintiff was living in Virginia at the time. This caused the Plaintiff great anxiety and distress since if this threat had been followed through she would have been very embarrassed.

14. Mr. Starks explained to "Mr. Linder" in one of these calls that the statute of limitations for breach of written contracts in North Carolina has expired since it was three (3) years, and the alleged breach was in early summer of 2007. "Mr. Linder" responded by saying "pay our debt and sue the merchant for non-delivery of furniture."

15. The calls stopped for a while, but in April 2011, a collector for the Defendant contacted Mr. Starks again regarding this alleged debt, and indicated legal

action was imminent by saying they were about to file against the Plaintiff in the North Carolina county courthouse for non-payment of debt, even though the statute of limitations for this debt had ran.

16. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Threatening to take legal action that cannot be taken or is not intended to be taken; §1692e (5); and

b) The unconscionable collection of any amount unless authorized by an agreement creating the debt or by law since the North Caroline statute of limitations had expired; §1692f (1).

## V. FIRST CLAIM FOR RELIEF

17. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs.

18. Defendant violated the FDCPA as noted above.

19. As a result of the above violations of the FDCPA, the defendant is liable to the Plaintiff for Plaintiff's actual damages for her anxiety and distress that her mother would learn of a lawsuit against her problems, statutory damages, costs, and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Respectfully submitted,

**JOYCE STARKS**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff